HAYDEE CARMEN MANUELA TORREGROSA ET AL., Plaintiffs and Appellees, *v.* VICTORIA C. DODD, Defendant and Appellant, and RAFAEL C. TORREGROSA, Defendant.

No. 6600. Argued March 19, 1934.—Decided April 6, 1934.

*M. A. García del Rosario* for appellant. *Francisco de la Torre* for appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellees move to dismiss this appeal, in effect, because in preparing the transcript of the evidence some of the extensions of time for presenting it were sought when

the previous extension had expired. Another ground for dismissal was that the appellant had failed to satisfy the stenographer $150 as ordered by the court.

With respect to the paying of the stenographer's fees, the record shows that the stenographer himself asked for continuances after the date of the supposed failure on the part of the appellant to pay him. This is a sufficient answer.

With regard to one of the supposed lapses, the record shows that one term expired on December 17, 1933, which was Sunday, and hence the appellant had all the following day to file his motion and did so on the 18th.

On the fifth of January, 1934, the stenographer came into court and asked for an extension of twenty days. The appellees maintain that the twenty days expired on the 26th of January, 1934. The appellant on the other hand avers that the previous extension expired on the 6th of January, which was a holiday, and that the day after was a Sunday, and, therefore, the twenty days should run from the following Monday, namely, the 8th of January, and that the 28th of January was again a Sunday and that, therefore, the time only expired on the 29th of January, on which day the transcript of the evidence was filed.

Being in doubt we ordered the appellees to have the court certify up to us the motion presented by the stenographer and the court's action thereon. Looking at these papers as certified it appears that the stenographer did in point of fact present the motion on the 5th of January with the request that the 20 days be granted from the date, meaning thereby from the day of the motion. Therefore, technically at least, the appellees are right in insisting that the term had expired.

Nevertheless, as the appellant was under a reasonable misapprehension as to the time when his extension expired, we shall use our discretion to permit the transcript of the evidence which had been filed, to form part of the record and allow the appeal to proceed. *Cruz* v. *Municipality of San*

*Juan,* 39 P.R.R. 348, and *Muñoz* v. *Solá,* decided April 4, 1934, *ante,* p. 89.

The motion will be denied.